**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BETTIE M. FORD,
          Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
          Agency.

DOCKET NUMBER
DC-0831-16-0647-I-1

DATE: October 11, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Bettie M. Ford</u>, Washington, D.C., pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) denying her request for a full Civil Service Retirement System (CSRS) survivor annuity. For the reasons discussed below, we GRANT the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2        The appellant's late husband retired from Federal service under CSRS, effective April 27, 2007.  Initial Appeal File (IAF), Tab 5 at 48.  He submitted Standard Form 2801-2 (SF-2801-2), a Spouse's Consent to Survivor Election, with his application for retirement.  *Id.* at 45.  On the SF-2801-2, a person purporting to be the appellant consented to a partial survivor annuity equal to 55% of $3,090.81 per year.  IAF, Tab 5 at 45, Tab 11, Initial Decision (ID) at 2. The appellant's husband died on March 1, 2015, and the appellant submitted an application for death benefits.  IAF, Tab 5 at 15; ID at 2.  OPM awarded the appellant a partial survivor annuity in the amount of $161.00 per month.  ID at 2. The appellant submitted a request for reconsideration, claiming that her late husband filled out the SF-2801-2 in a hurry, and he mistakenly elected as an annual partial survivor annuity the monthly amount that he was receiving at that time.  IAF, Tab 5 at 14.  She also contended that her late husband died suddenly, without getting his affairs in order, and he did not intend for her to receive only $161.00 per month.  *Id.* at 13.  The appellant further asserted that the signature on the notarized Spouse's Consent to Survivor Election form was not hers.  *Id.* at 14, 45.

¶3        OPM responded by informing the appellant that the monthly computed rate of her survivor annuity was correct based on the election made by her late husband when he retired.  *Id.* at 6, 9.  OPM stated that it had no reason to question the validity of the appellant's notarized signature, attesting that she freely and irrevocably consented to her late husband's election of a partial survivor annuity.  *Id.* at 7.  OPM also observed that her late husband's annuity commenced on May 1, 2007, and therefore he had until December 1, 2008, to increase her survivor election but did not do so.  *Id.*  OPM further stated that it

had no administrative discretion in this matter and denied the appellant's request for reconsideration in a final decision issued on April 28, 2016. *Id.* at 6-8.

¶4 The appellant filed the instant appeal with the Board, challenging OPM's final decision. IAF, Tab 1. On appeal, the appellant repeated the same arguments that she raised to OPM. IAF, Tab 5 at 3-4, Tab 10 at 3. She did not request a hearing. Based on the written record, the administrative judge issued an initial decision affirming OPM's final decision. ID at 4. He found that the appellant failed to prove by preponderant evidence that her husband elected a full survivor annuity and that the agency demonstrated that she consented to a partial survivor's annuity. *Id.* at 3-4.

¶5 The appellant has filed a petition for review, reiterating the arguments she made before the administrative judge and OPM. Petition for Review File, Tab 1 at 1-2. She reasserts that the signature on the notarized form was not hers and that her late husband mistakenly elected as her annual annuity the amount of his monthly annuity. *Id.* The appellant asks the Board to compare her signature in the appeal file to the notarized signature on the SF-2801-2 and see that the signatures do not match because she cannot afford a handwriting expert or a lawyer.[2] *Id.* at 2. The appellant also reasserts that she would never have agreed to receive only $161.00 per month because she cannot survive on this amount. *Id.* The appellant further states that her husband wanted more for her, and he always provided for his family but he made a mistake. *Id.*

## ANALYSIS

¶6 Under the CSRS, the surviving spouse of a retired Federal employee is entitled to an annuity equal to 55% of the retiree's annuity unless the survivor consented in writing to receive no such annuity or a reduced annuity at the time

---

[2] On appeal, the appellant provided examples of her signature on photocopies of her driver's license, her Social Security card, a lease form, and a tax record. IAF, Tab 10 at 3-9.

of the employee's retirement.  5 U.S.C. §§ 8339(j)(1), 8341(b)(1); *Hathaway v. Office of Personnel Management*, 118 M.S.P.R. 678, ¶ 7 (2012); 5 C.F.R. § 831.614.  Pursuant to 5 U.S.C. § 8339(j)(1), the election must be made in accordance with the requirements that OPM prescribes by regulation and that the election is irrevocable.  OPM's regulations provide, in pertinent part, that "[a] married employee may not elect . . . a partially reduced annuity . . . without the consent of the current spouse," 5 C.F.R. § 831.614(a), which must be filed on a form prescribed by OPM, 5 C.F.R. § 831.614(b).  The form prescribed by OPM "require[s] that a notary public or other official authorized to administer oaths certify that the current spouse presented identification, gave consent, signed or marked the form, and acknowledged that the consent was given freely in the notary's or official's presence."  IAF, Tab 5 at 45; 5 C.F.R. § 831.614(c).  The burden of proving entitlement to a survivor annuity is on the applicant for benefits.  *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986).

¶7  There is only one dispute of material fact in this appeal, namely whether the signature appearing on the SF-2801-2 Spouse's Consent to Survivor Election is genuine.  The administrative judge found, and we agree, that the signature appearing on the SF-2801-2 does not appear to be identical to the appellant's signature as it appears on various other documents in the record.  ID at 3; IAF, Tab 1 at 7, Tab 5 at 13, 21, 23, 45, Tab 10.  Nevertheless, we also agree that these signatures are not so different that a layperson could say with any confidence that they were made by different people.  ID at 3-4.  Furthermore, we observe that the signature on the SF-2801-2 was notarized by one Sham Robertson and that the notarization of a signature creates a strong but rebuttable presumption of validity.

¶8  The Board is not bound, but may be guided by the Federal Rules of Evidence.  *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 10 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011).  Under Federal Rule of Evidence 302, "[i]n a civil case, state law governs the effect of a presumption

regarding a claim or defense for which state law supplies the rule of decision." In this case, the SF-2801-2 reflects that the notarial act occurred in the District of Columbia and was made by a notary commissioned under the laws of the District. IAF, Tab 5 at 45. We therefore find that the effect of the notarization is determined under the laws of the District of Columbia. *See Butler v. Encyclopedia Brittanica, Inc.*, 41 F.3d 285, 295 & n.6 (7th Cir. 1994) (applying state law to determine the effect of the notarization of a signature on an Employee Retirement Income Security Act spousal waiver form). Under District of Columbia law, "to overcome the presumption arising from [the notary's] certificate there must be proof of gross concurrent mistake or fraud, through strong and disinterested evidence." *Lewis v. Estate of Lewis*, 193 A.3d 139, 144 (D.C. 2018) (quoting *Marden v. Hopkins*, 47 App. D.C. 202, 206-07 (D.C. 1918)).

¶9      Although we agree with the administrative judge that the existing record does not contain sufficient evidence to rebut the presumed validity created by the notarization, ID at 4, we find that, in the interest of justice, the appeal should be remanded for further proceedings. Specifically, we find that the appellant was not fully apprised of the presumption created by the notarization or the type of evidence that might be sufficient to overcome it. Consequently, she may not have fully appreciated the importance of retaining a handwriting expert or requesting a hearing during which she would have the opportunity to testify as to genuineness of the signature on the SF-2801-2 or subpoena the notary or any disinterested witness to testify. Because this pro se appellant was not fully apprised of her burden on the dispositive issue and because the instant appeal concerns an application for civil service retirement benefits, *see Irvine v. Office of Personnel Management*, 83 M.S.P.R. 643, ¶ 9 n.1 (1999) (finding that the interest in reaching the correct result warranted some deviation from the strict adversarial model of adjudication in an OPM benefits case), we remand the appeal to the Washington Regional Office to give the appellant an additional opportunity to prove her claim in light of this Order.

**ORDER**

¶10     For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order. On remand, the appellant will be afforded an opportunity to rebut the presumption of validity created by the notarization, including an additional opportunity to elect a hearing if she so chooses.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.